**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| CITY OF CLARKEDALE | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 3:09CV00061   SWW |
| GREGORY M. LACKEY | * | LEAD CASE |
| | * | |
| Defendant | * | |

*consolidated with:*

| | | |
|---|---|---|
| GREGORY LACKEY | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 3:09CV00062 SWW |
| CITY OF CLARKEDALE, ET AL. | * | |
| | * | |
| Defendants | * | |

**ORDER**

This order addresses three matters in these consolidated cases.  First, it has come to the Court's attention that it lacks subject matter jurisdiction over claims presented in the lead case: *City of Clarkedale v. Lackey*, Case No. 3:09CV00061 SWW.  Accordingly, that case will be remanded to the Circuit Court of Crittenden County, Arkansas pursuant 28 U.S.C. § 1447(c).

Second, after careful consideration of Defendant's motion to dismiss filed in *Lackey v. City of Clarkedale*, Case No. 3:09CV00062 SWW (docket entry #10), and Plaintiff's response in

1

opposition (docket entry #14), the motion is denied.

Third, for reasons that follow, *Lackey v. City of Clarkedale*, Case No. 3:09CV00062 SWW, is stayed pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).

**Lack of Subject Matter Jurisdiction – *City of Clarkedale v. Lackey*, No. 3:09CV00061 SWW**

On August 5, 2008, the City of Clarkedale ("City") filed suit against Gregory M. Lackey ("Lackey"), an Arkansas resident, in the Circuit Court of Crittenden County, seeking to enjoin Lackey from proceeding with construction on property, in violation of a construction moratorium, and storing containers used for transporting commercial waste, in violation of a zoning ordinance. *See City of Clarkedale v. Lackey*, No. 3:09CV00061 SWW, docket entry #2.

On May 7, 2009, Lackey filed an answer to the City's complaint, asserting that (1) when he commenced the construction activities complained of, no zoning ordinance or land use restriction prohibited such activity and (2) the City's construction moratorium is void because the City is not legally incorporated as required under Arkansas law. Lackey concludes his answer with the following statement: "Defendant reserves the right to amend his answer at a later date including filing a counterclaim in the United States District Court." *Id*., Attach., #2. The same day Lackey filed his answer in state court, he removed the case to this Court, asserting in the notice of removal that the court "has jurisdiction of the subject matter pursuant to 28 U.S.C. §§ 1331 and 1343" and "subject matter jurisdiction of plaintiff's state law claims pursuant to 28 U.S.C. § 1367." Docket entry #1, ¶2.

Also on May 7, 2009, Lackey filed a separate lawsuit pursuant to 42 U.S.C. § 1983 in this Court, claiming that the City is attempting to deprive him of the use of his property in violation of his constitutional rights. By way of relief, Lackey seeks a declaration that the City's actions

2

violate the United States and Arkansas Constitutions, an injunction enjoining the City from interfering with his property rights without just compensation, and compensatory damages. Lackey's § 1983 action, *Lackey v. City of Clarkedale, et al.*, No. 3:09CV00062 SWW, was originally assigned to United States Chief District Judge J. Leon Holmes.

On May 22, 2009, Lackey filed a motion to consolidate the case he removed from state court with the § 1983 action he initiated on May 7, 2009.  The Court determined that, pursuant to Federal Rule of Civil Procedure 42, the requirements for consolidation were met, and the cases were consolidated.

It has now come to the Court's attention that Lackey had no basis for removing the City's action for injunctive relief to this federal court.  Under 28 U.S.C. § 1441(a), a defendant may remove cases that originally might have been brought in federal court.  In his notice of removal, Lackey alleged that this Court had subject matter jurisdiction over the City's complaint pursuant to the federal question statute, 28 U.S.C. § 1331.  However, the City's complaint alleging violation of zoning ordinances arises under a local and state, not federal law.   Furthermore, diversity of citizenship between the parties is lacking.

Even if Lackey had asserted his § 1983 claims as a counterclaims in state court, removal jurisdiction would be lacking.  "'A federal question is raised in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir. 1997)(quoting *Peters v. Union Pacific R. Co.,* 80 F.3d 257, 260 (8th Cir. 1996)).  "This well-pleaded complaint rule requires that a federal cause of action must be stated on the face of the complaint before the defendant may

3

remove the action based on federal question jurisdiction. A federal defense does not give the defendant the right to remove to federal court." *Id.*(citing *Gaming Corp. v. Dorsey & Whitney*, 88 F.3d 536, 542-43 (8th cir. 1996)).[1]  Nor can removal jurisdiction rest upon an actual or anticipated counterclaim, even if one that relies exclusively on federal substantive law.  *See Vaden v. Discover Bank,* 129 S.Ct. 1262, 1272 (2009)(citing *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*., 535 U.S. 826, 832, 122 S.Ct. 1889(2002)).

The Court is under an independent obligation to examine the notice of removal to determine whether subject matter jurisdiction exists, and the Court possesses the authority, under 28 U.S.C. § 1447(c), to remand a case, *sua sponte*, for lack of subject matter jurisdiction.  For the reasons stated, the Court finds that the lead case, *City of Clarkedale v. Lackey*, Case No. 3:09CV00061 SWW, must be remanded to state court for lack of subject matter jurisdiction.

**The City's Motion to Dismiss**

The City moves to dismiss Lackey's § 1983 action on the ground that his claims are barred because he failed to assert them as compulsory counterclaims to the City's action filed in state court.  A failure to plead a compulsory counterclaim as defined under Rule 13(a) of the Federal Rules of Civil Procedure precludes a party from bringing a later independent action on

---

[1] Under the substantial federal question doctrine, a federal court has jurisdiction where the plaintiff's state law claim will require the court to construe a substantial issue of federal law. However, for the doctrine to apply, it must appeal "that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims . . . ." *Franchise Tax Bd. V. Laborers Vacation Trust*, 436 U.S. 1, 13, 103 S. Ct. 2841, 2848 (1983).  Here, no reference to federal law is required to determine the state law questions presented by the City's complaint.

that claim.  But until the City's action for injunctive relief has proceeded to a final judgment in state court,  Rule 13(a) cannot be invoked to bar Lackey's § 1983 claims.  *See Fullerton Aircraft Sales & Rentals, Inc. v. Beech Aircraft Corp.*, 842 F.2d 717, 722 (4th Cir. 1988)(noting that even if federal claims were compulsory counterclaims to state court claims, "Rule 13(a) could not be invoked . . . until the [state court] action had proceeded to final judgment").   Accordingly, the City's motion to dismiss must be denied.

**Stay Pursuant to *Younger v. Harris***

The Court finds that, pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), Lackey's § 1983 action should be stayed pending resolution of the state court proceedings.  The *Younger* abstention doctrine requires federal courts to abstain from accepting jurisdiction in cases where equitable relief is requested and granting relief would interfere with pending state proceedings in such a way as to offend principles of comity and federalism.  *See Night Clubs, Inc. v. City of Fort Smith*, Ark. 163 F.3d 475, 477 n1. (8th Cir. 1998).  Abstention is warranted under *Younger* "if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges."  *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999)(citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)).

The Court finds that the foregoing requirements for abstention are met in this case.  First,  there is a pending state judicial proceeding concerning the zoning and land use dispute at issue in Lackey's § 1983 action, and issues before the state court (whether the City's construction

moratorium is void as an ultra vires act and whether Lackey's construction and commercial activities amounted permissible non-conforming use of the land) are relevant to the outcome of his constitutional claims and may render moot his request for injunctive relief. Second, the enforcement and application of zoning ordinances and land use regulations implicate important state and local interests. *See Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 480 (8th Cir. 1998). Third, although Lackey has not raised his constitutional claims in state court, "'when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy.'" *Night Clubs*, 163 F.3d at 481(quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S.Ct. 1519 (1987)). In any event, Lackey should attempt to raise his claims in state court before this Court will consider an argument that it is impossible to do so.[2]  *See id.*

Having determined that the requirements for abstention under *Younger* are met, abstention would be inappropriate only upon a finding that the state proceeding is motivated by a desire to harass or if the land use regulations at issue are "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whether manner and against whomever an effort might be made to apply it." *Huffman v. Pursue, Ltd.*

---

[2]Pending in *City of Clarkedale v. Lackey*, Case No. 3:09CV00061 SWW is Defendant Lackey's motion seeking leave to file a counterclaim, which essentially restates his § 1983 claims. Lackey asserts: "If there was any mistake made by not filing the separate action . . . as a counterclaim . . . it was due to . . . counsel's oversight, inadvertence, or excusable neglect. . . . The defendant should not be allowed to avoid the . . . counterclaim in this manner as this would be unjust." Docket entry #9, at 3. Lackey may seek leave to file a counterclaim state court. *See* Ark. Rule Civ. P. 13(e)("When a pleader fails to assert a counterclaim, he shall be entitled to assert such counterclaim by amended or supplemental pleading subject to the requirements and conditions of Rule 15.").

420 U.S. 592, 611, 95 S.Ct. 1200, 1212 (1975).   Because nothing in the record indicates that the foregoing exceptions to the *Younger* doctrine apply, the Court finds that this case should be stayed pending resolution of the state court proceedings.³   If Lackey disagrees, he may file a motion for reconsideration within fifteen (15) days from the entry date of this order.

      IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1447(c), *City of Clarkedale v. Lackey*, Case No. 3:09CV00061 SWW is REMANDED to the Circuit Court of Crittenden County, Arkansas.

      IT IS FURTHER ORDERED that Defendant's motion to dismiss, filed in *Lackey v. City of Clarkedale*, Case No. 3:09CV00062 SWW (docket entry #10) is DENIED.

      IT IS FURTHER ORDERED that *Lackey v. City of Clarkedale*, Case No. 3:09CV00062 SWW, is STAYED pursuant to *Younger v. Harris*, 91 S. Ct. 746 (1971).   The parties are directed to file a status report in this case, within five days of the resolution of the related state case.

      IT IS SO ORDERED THIS 16TH   DAY OF OCTOBER, 2009.

                        /s/Susan Webber Wright

                        UNITED STATES DISTRICT JUDGE

---

³"In cases where damages are sought in the federal suit, the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention[.]" *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998).